IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAHYA MUHAMMAD, | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DENTAL IMAGING | ) |
| TECHNOLOGIES CORP., d/b/a | ) |
| ENVISTA KAVO-KERR | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Yahya Muhammad, a resident of Montgomery County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e et seq., and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

1

## THE PARTIES

3. Plaintiff, Yahya Muhammad ("Mr. Muhammad"), is a male adult African- American individual residing in Montgomery County, Pennsylvania.

4. Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr ("Defendant"), is a Delaware corporation that maintains a business address at 2800 Crystal Drive, Hatfield, Montgomery County, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

5. On or about May 27, 2021, Mr. Muhammad filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 533-2021-01419, with instructions for the Complaint to be dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

6. Mr. Muhammad has been advised by the EEOC of his right to sue in federal court, which notice was issued on or about September 13, 2021.[1]

7. All necessary and appropriate administrative prerequisites to this action have occurred.

---

[1] Plaintiff's claims for race-based discrimination and retaliation were "dual-filed" with the PHRC on or about May 27, 2021. As such, Plaintiff intends to amend his Complaint to include these state claims once they become ripe one year from their PHRC filing date.

2

## STATEMENT OF FACTS

8. In or around August 2020, Mr. Muhammad was placed through the temp agency Kelly Service with Defendant as an Assembler at its location in Hatfield, Montgomery County, Pennsylvania.

9. Throughout Mr. Muhammad's employment, Defendant's Hiring Manager was Priya Patel, a woman of Indian/Bangladeshi descent.

10. Mr. Muhammad witnessed Ms. Patel use her position as Hiring Manager to elevate temps and employees of her own ethnic group, while passing over non-Indians/Bangladeshis for permanent hire.

11. Indian/Bangladeshi temps would consistently be hired full-time with Defendant after a period of ninety (90) days, whereas African-American temps, such as Mr. Muhammad, would work for seven (7) months before being hired full-time.

12. In or about March 2021, Mr. Muhammad complained of this discrimination to Kelly Services and to Defendant.

13. On or about April 8, 2021, Mr. Muhammad field a formal complaint of racial discrimination with Defendant.

14. Defendant responded by terminating Mr. Muhammad's placement through Kelly Services on or about April 9, 2021.

15. Defendant violated Section 1981 and Title VII, by discriminating against Mr. Muhammad on the basis of his African-American race and retaliating against him for his reports of the same.

## COUNT I

### 42 U.S.C. § 1981 VIOLATION
### RACE DISCRIMINATION

16. All prior paragraphs are incorporated herein as if set forth fully below.

17. At all times relevant herein, Mr. Muhammad maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

18. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Mr. Muhammad on the basis of his African-American race and thereby deny him the benefits of the contractual relationship he had entered into with Defendant.

19. As a consequence of Defendant's discriminatory actions and failures to act, Mr. Muhammad was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

20. As a result of Defendant's discriminatory actions, Mr. Muhammad has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

21. The actions of Defendant set forth above constitute violations of Mr. Muhammad's federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Yahya Muhammad, seeks damages against Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II

### 42 U.S.C. § 1981 VIOLATION
### RETALIATION

22. All prior paragraphs are incorporated herein as if set forth fully below.

23. At all times relevant herein, Mr. Muhammad maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

24. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally retaliate against Mr. Muhammad for his repeated complaints of disparate treatment on the basis of his African-American race and thereby deny him the benefits of the contractual relationship he had entered into with Defendant.

25. As a consequence of Defendant's retaliatory termination, Mr. Muhammad was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

26. As a result of Defendant's retaliatory termination, Mr. Muhammad has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

27. The actions of Defendant set forth above constitute violations of Mr. Muhammad's federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Yahya Muhammad, seeks damages against Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT III

### TITLE VII VIOLATIONS
### DISPARATE TREATMENT & WRONGFUL TERMINATION

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. Defendant violated Title VII by treating Mr. Muhammad differently than his co-workers and terminating him because of his African-American race.

30. Specifically, Defendant prioritized the hiring of Indian/Bangladeshi temps over its African-American temps, and ultimately terminated Mr. Muhammad in retaliation for his complaints of the same.

31. As a consequence of Defendant's discriminatory actions and failures to act, Mr. Muhammad was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

32. As a result of Defendant's discriminatory actions, Mr. Muhammad has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

33. The actions of Defendant set forth above constitute violations of Mr. Muhammad's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Yahya Muhammad, seeks damages against Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### COUNT IV

**TITLE VII VIOLATION**
**RETALIATION**

34. All prior paragraphs are incorporated herein as if set forth fully below.

35. Defendant violated Title VII by retaliating against Mr. Muhammad on the basis of his complaints of racial discrimination.

36. Specifically, Defendant retaliated against Mr. Muhammad by terminating him immediately after his most recent report of racially disparate treatment.

37. As a consequence of Defendant's retaliatory actions, Mr. Muhammad was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

38. As a result of Defendant's retaliatory actions, Mr. Muhammad has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

39. The actions of Defendant set forth above constitute violations of Mr. Muhammad's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Yahya Muhammad, seeks damages against Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Yahya Muhammad, prays that the Court enter judgment in his favor and against the Defendant, Dental Imaging Technologies Corp., d/b/a Envista Kavo-Kerr, and that the Court enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his race and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and/or retaliation at the hands of Defendant until the date of verdict;

    d.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

    e.    Plaintiff is to be awarded punitive damages pursuant to Section 1981 and Title VII;

    f.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

    g.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    h.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

    i.    Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

    j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: <u>November 8, 2021</u>

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

<u>*/s/ Larry A. Weisberg*</u>
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

<u>*/s/ Steve T. Mahan*</u>
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

<u>*/s/ Michael J. Bradley*</u>
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*